UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TONY C. HODGE, | ) | |
| | ) | |
| Petitioner, | ) | No. 5:19-CV-255-KKC-HAI |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| SCOTT JORDAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

State prisoner Tony C. Hodge has filed a *pro se* petition under 28 U.S.C. § 2254. D.E. 1. Hodge's petition alleges that he received ineffective assistance of counsel related to his 2007 guilty plea to capital murder and other charges in Madison Circuit Court.

Upon initial review, the Court noted that Hodge's petition appeared untimely. D.E. 4. A one-year period of limitation applies to any application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). This statutory limitation period begins to run from the latest of four specified dates, only one of which appears relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

The statute of limitations, however, is not jurisdictional; equitable tolling may be permissible in some circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)). Courts apply equitable tolling "sparingly," and the burden is on the petitioner to prove its applicability. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As the Court noted in its previous order:

> Hodge's Petition and the public docket agree that judgment was entered on October 9, 2007. Hodge did not file a direct appeal of his conviction. Kentucky Rule of Criminal Procedure 12.04(3) provides 30 days after judgment to file a notice of appeal. Hodge's conviction therefore became final for federal habeas purposes on November 8, 2007. His window for filing a federal habeas petition then expired a year later, on November 8, 2008. 28 U.S.C. § 2254(d)(1).
>
> Hodge filed a state post-conviction motion on March 13, 2009. After that motion was denied, he appealed, and the appeals were finally resolved by order of the Kentucky Court of Appeals on June 29, 2018 in case number 2017-CA-950-MR. However, when Hodge filed that original motion under Kentucky Rule of Criminal Procedure 11.42 on March 13, 2009, his federal habeas statute of limitations had been expired for over four months. It is true that a properly filed application for state post-conviction relief will toll the federal habeas deadline until that motion is resolved. 28 U.S.C. § 2244(d)(2). But it appears that Hodge did not file his state post-conviction motion until after his federal habeas deadline expired. If this is so, then § 2244(d)(2)'s tolling provision would not help him.

D.E. 4 at 1-2.

Hodge's petition includes the following statement on timeliness: "Legal aides are not adequately trained according to the own administrative regulations and I could not afford to pay although such behavior is prohibited per policy. I was not able to file anything until a willing legal aide of integrity was able to help me." D.E. 1 at 13. The Court found it unclear "whether Hodge is referring here to the period between his October 9, 2007 judgment and the expiration of his federal habeas statute of limitations on November 8, 2008." D.E. 4 at 2-3.

The Court ordered Hodge to show cause why this matter should not be dismissed as untimely. D.E. 4 at 3.

Hodge responded and argued for equitable tolling. D.E. 5. Hodge argues that "Kentucky's post-conviction process" misled him because Kentucky provides a three-year

limitations period for post-conviction motions. *Id*. at 2. He argues that the legal aides in state prison are inadequately trained. *Id*. State prisoners are not told that they need to file their state post-conviction motions within one year in order to toll the federal statute of limitations. *Id*. at 2-3. Hodge cites cases that concern equitable tolling based on misadvice from counsel and attorney abandonment. *Id*. at 3. But he does not allege that his case involves an attorney telling him that a postconviction motion has been filed or an attorney who failed to file a post-conviction motion when instructed to do so. *See id*. at 4.

Hodge's argument boils down to a claim for equitable tolling based on ignorance of the law. But "ignorance of the law alone is not sufficient to warrant equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 743 n.7 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005)). And a petitioner's *pro se* status and limited educational background are not "exceptional circumstances" justifying the application of equitable tolling. *United States v. Evans*, No. 11-CR-43-JMH-REW, 2015 WL 3729332, at *6 (E.D. Ky. June 15, 2015). An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the limitations period. *Id*. "Indeed, as most *pro se* litigants are untrained in the law, statutory limitations would be virtually unenforceable against a *pro se* party if equitable tolling was applied in every situation where an unrepresented party was ignorant of the law." *Id*. (quoting *Tomlinson v. Hudson*, No. 1:06-CV-687, 2007 WL 1831135, at *7 (N.D. Ohio June 25, 2007)). Thus, equitable tolling is not available to Hodge under the *Holland* standard.

Under 28 U.S.C. § 2243, "the district court has a duty to screen out a habeas corpus petition which is meritless on its face." *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules

3

Governing Section 2254 Proceedings, Rule 4.  Hodge's petition is untimely and equitable tolling is not warranted.  The undersigned therefore **RECOMMENDS** that Hodge's habeas petition be **DISMISSED** upon initial review.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *See also* Rule 11 of the Rules Governing Section 2254 proceedings.  When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, the untimeliness of Hodge's petition is clear on the record.  And the law is well-established that ignorance of the law is not a basis for equitable tolling.  No reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition.  The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Court**.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District

Court and Court of Appeals. *See See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 22nd day of July, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge