UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **TONY C. HODGE,** | **CIVIL ACTION NO. 5:19-255-KKC** |
| Plaintiff, | |
| V. | **ORDER AND OPINION** |
| **COMMONWEALTH OF KENTUCKY,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Magistrate's Recommended Disposition (DE 6) and Tony Hodge's objections (DE 7). Hodge filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1.) Pursuant to local practice, the matter was referred to United States Magistrate Judge Hanly A. Ingram for review under 28 U.S.C. § 636(b)(1)(B). Judge Ingram issued a Recommended Disposition recommending that Hodge's habeas petition be dismissed upon initial review (DE 6), and Hodge filed objections (DE 7). Having conducted a de novo review of the portions of the Recommended Disposition to which Hodge objects, the Court will adopt the Magistrate's Recommended Disposition and **DENY** Defendant's habeas petition under 28 U.S.C. § 2254. Moreover, the Court **REFUSES** to issue a certificate of appealability.

## I.  BACKGROUND

On June 21, 2019, Hodge filed a habeas petition. Hodge's habeas petition alleges that he received ineffective assistance of counsel related to his 2007 guilty plea to capital murder and other charges in Madison Circuit Court. Upon initial review, the Court ordered Hodge to show cause for why the matter should not be dismissed as untimely. (DE 4.) Hodge

1

responded to the show cause order asserting that equitable tolling should apply because "Kentucky's post-conviction process" intentionally misled him. (DE 5.) After reviewing Hodge's habeas petition and the applicable law, the Magistrate Judge recommended that Hodge's petition be dismissed upon initial review due to it being untimely. (DE 6 at 3-4.) He further determined that equitable tolling is not warranted and recommended that no Certificate of Appealability issue.

Hodge has filed objections to the Magistrate's Recommended Disposition. (DE 7.) In his objections, Hodge again asserts that "Kentucky's post-conviction process" intentionally misled him. He states: "Hodge avers that he was intentionally mislead [*sic*] by Kentucky's post-conviction process whose rule for filing and its [*sic*] own time-limitation does not comply with [the] federal rule or reasonably advise a pro-se, and poor incarcerated litigants of their rights…" (DE 7 at 1.) Hodge essentially makes the same arguments regarding equitable tolling that he made in his response to the Court's show cause order. (*See* DE 5.)

This Court performs a de novo review of those portions of the Magistrate's R&R to which Defendant has objected. *See* 28 U.S.C. § 636(b). The Court finds that equitable tolling is not warranted, and Hodge's habeas petition should be dismissed.

## II. ANALYSIS

The Court recognizes its obligation to review Hodge's objections under a more lenient standard than the one applied to attorneys because he is proceeding pro se. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under this more lenient construction, some of Hodge's objections are sufficiently definite to trigger the Court's obligation to conduct a de novo review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied its duty, reviewing the entire record. For the following reasons, Defendant's objections (DE 7) are **OVERRULED** and his habeas petition under § 2254 (DE 1) is **DISMISSED**.

2

A person in custody pursuant to the judgment of a State court has a one-year period to apply for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1), this one-year period of limitation begins to run from the latest of four specified dates, one of which is relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The statute of limitations, however, is not jurisdictional. Equitable tolling is warranted under certain circumstances, *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)), and should be applied by Courts sparingly. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). The burden is on the petitioner to prove the applicability of equitable tolling. *Id.* "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As noted by the Magistrate Judge:

> Hodge's Petition and the public docket agree that judgment was entered on October 9, 2007. Hodge did not file a direct appeal of his conviction. Kentucky Rule of Criminal Procedure 12.04(3) provides 30 days after judgment to file a notice of appeal. Hodge's conviction therefore became final for federal habeas purposes on November 8, 2007. His window for filing a federal habeas petition then expired a year later, on November 8, 2008. 28 U.S.C. § 2254(d)(1).
>
> Hodge filed a state post-conviction motion on March 13, 2009. After that motion was denied, he appealed, and the appeals were finally resolved by order of the Kentucky Court of Appeals on June 29, 2018 in case number 2017-CA-950- MR. However, when Hodge filed that original motion under Kentucky Rule of Criminal Procedure 11.42 on March 13, 2009, his federal habeas statute of limitations had been expired for over four months. It is true that a properly filed application for state post-conviction relief will toll the federal habeas deadline until that motion is resolved. 28 U.S.C. § 2244(d)(2). But it appears that Hodge did not file his state post-conviction motion until after his federal habeas deadline expired.

(DE 4 at 1-2.)

3

Hodge asserts that he knew of the state statute of limitation period and that he was intentionally misled by Kentucky's post-conviction process because Kentucky's post-conviction process does not comply with the federal statute of limitation period or advise litigants of their rights to comply with § 2244. (DE 7 at 1.) Hodge states that the legal aides in state prison are inadequately trained and that he was intentionally never advised of his post-conviction rights. He argues that equitable tolling is warranted because there is a "state-created impediment" qualifying as an extraordinary circumstance that prevented the timely filing of his habeas petition. Hodge further argues that he diligently pursued his rights once he was properly advised. (DE 7 at 3.) In support of his argument, Hodge cites cases that concern equitable tolling based on misadvice from counsel and attorney abandonment. (DE 7 at 4.) Hodge does not, however, allege that his case involves an attorney telling him that a postconviction motion has been filed or an attorney who failed to file a postconviction motion when instructed to do so.

As an initial matter, Hodge points to absolutely no evidence of intentional misleading by Kentucky's post-conviction process other than the fact that Kentucky's post-conviction process does not comport with the federal statute of limitation. Moreover, Hodge has not shown that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. Accordingly, equitable tolling is not warranted.

As stated by the Magistrate Judge, "Hodge's argument boils down to a claim for equitable tolling based on ignorance of the law." (DE 6 at 3.) But "ignorance of the law alone is not sufficient to warrant equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 743 n.7 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005)). Pro se status and limited educational background are not "exceptional circumstances" justifying the application of equitable tolling. *United States v. Evans*, No. 11- CR-43-JMH-REW, 2015 WL 3729332, at *6 (E.D. Ky. June 15, 2015). And an individual's lack of legal training, poor education, or

4

even his illiteracy does not give a federal court a reason to toll the limitations period. *Id.* "Indeed, as most pro se litigants are untrained in the law, statutory limitations would be virtually unenforceable against a pro se party if equitable tolling was applied in every situation where an unrepresented party was ignorant of the law." *Id.* (quoting *Tomlinson v. Hudson*, No. 1:06-CV-687, 2007 WL 1831135, at *7 (N.D. Ohio June 25, 2007)).

Equitable tolling is simply not warranted here. Hodge's petition is untimely, and it should be dismissed accordingly.

### III. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** as follows:

(1) The Magistrate Judge's Recommended Disposition (DE 6) is **ADOPTED** and **INCORPORATED** herein by reference;

(2) Hodge's petition for a writ of habeas corpus (DE 1) is **DENIED WITH PREJUDICE**;

(3) Hodge's objections to the Recommended Disposition (DE 7) are **OVERRULED**;

(4) A Certificate of Appealability **SHALL NOT ISSUE**; and

(5) Judgment shall be entered contemporaneously with this Order.

Dated May 8, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY